UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED S. KAZMI, | Case No. CV 10-9200-JEM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On December 8, 2010, Syed S. Kazmi ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on July 12, 2011. On October 28, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

## BACKGROUND

Plaintiff is a 64 year old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on February 4, 2008, alleging a disability onset date of September 15, 2006. (AR 17.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 19.)

Plaintiff's claims were denied initially on July 31, 2008. (AR 17.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John D. Moreen on March 30, 2010, in Pasadena, California. (AR 17, 30-54.) Claimant appeared, was represented by counsel, and testified. (AR 17.) Medical expert Thomas J. Maxwell and vocational expert ("VE") Rheta B. King also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on April 13, 2010. (AR 17-27.) The Appeals Council denied review on September 22, 2010. (AR 5-8.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff is raising as a ground for reversal and remand is as follows:

1. Whether the ALJ properly rejected the testimony of Syed Kazmi.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity

("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 15, 2006, the alleged onset date. (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: diabetes mellitus, hypertension, hyperlipidemia, coronary artery disease, degenerative disc disease of the thoracic spine, obesity, a history of a left shoulder dislocation, and a 2006 episode of double vision diagnosed as a transient ischemic attack. (AR 20.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 21-22.)

The ALJ then found that the Plaintiff had the RFC to perform sedentary work with these limitations:

> . . . to lift and/or carry 10 pounds both frequently and occasionally, stand and/or walk for two hours in an eight-hour day, and sit for six hours in an eight-hour day. He is unable to climb ladders, ropes, or scaffolds, and must avoid working around unprotected heights and hazardous machinery. He is unable to reach overhead with his left upper extremity, and his ability to push and/or pull with both upper extremities is limited to occasional. Other postural activities are also limited to occasional.

(AR 22.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms are inconsistent with the above RFC. (AR 23.)

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a gate guard as actually performed. (AR 26-27.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 27.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility for reasons that are clear and convincing and supported by substantial evidence.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.      THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1572(e)(2). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical

records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Plaintiff challenges the ALJ's RFC on the basis that the ALJ improperly discounted Plaintiff's credibility in determining his RFC. The Court disagrees.

### A. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments could be expected to cause his alleged symptoms. (AR 23.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not credible to the extent they are inconsistent" with the assessed RFC. (AR 23.) Because the ALJ did not make any finding of malingering, he was required to provide

clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ discounted Plaintiff's credibility because his subjective symptoms were not supported by the objective medical evidence and Plaintiff's statements and actions were inconsistent with his alleged symptoms. (AR 23, 26.) The ALJ's adverse credibility decision is based on clear and convincing reasons supported by substantial evidence.

First, the ALJ found that the objective medical evidence is inconsistent with Plaintiff's allegations of disabling impairments, and does not supporter greater limitations than those given in the RFC. (AR 23.) Although subjective testimony cannot be rejected on the sole ground that medical evidence is lacking, the medical evidence is still a relevant factor in assessing the severity of Plaintiff's symptoms. Rollins, 261 F.3d at 857. The ALJ decision provides a thorough review of the medical evidence. The ALJ relied heavily on the opinion of medical expert Dr. Thomas J. Maxwell and adopted his RFC assessment. (AR 20, 22.) Dr. Maxwell reviewed the medical records and attended the hearing. (AR 20.) Included in those records is the internal medicine evaluation of Dr. Siciarz-Lambert, cited frequently in the ALJ's decision. (AR 313-17.) Dr. Lambert gave Plaintiff an even less restrictive RFC than Dr. Maxwell. (AR 317.) She found no evidence of back pain (AR 12, 316), no adverse findings in the lower extremities and feet (AR 21, 315), and that Claimant was properly oriented (AR 21, 315) and asymptomatic in the relevant time period for heart disease, diabetes, hypertension, and high cholesterol (AR 23) with no significant adverse consequences from his medical conditions such as end-organ damage from diabetes (AR 24). The ALJ also found no evidence of psychiatric treatment or testing or mental limitations. (AR 21, 25.) The ALJ concluded that "the overall evidence suggests that Claimant's back problems are not as severe as alleged and fails to substantiate an inability to perform sedentary work as described by Dr. Maxwell." (AR 24.) A State reviewing physician also gave Plaintiff a less restrictive RFC than Dr. Maxwell, but the ALJ adopted Dr. Maxwell's RFC because Dr. Siciarz-Lambert and the

State reviewing physician did not have the benefit of the full record. (AR 25.) Plaintiff disputes none of the medical evidence cited by the ALJ.[2]

Second, the ALJ made plain that he did not rely solely on the objective medical evidence. (AR 26.) He also cited statements and actions inconsistent with a disabling impairment, which is a valid basis for discounting a claimant's credibility. Light v. Comm'r of Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997) (in weighing a claimant's credibility, ALJ may consider "inconsistencies either in his testimony or between his testimony and his conduct"). Although Claimant alleged being quite limited in his daily activities, he also testified that "he often drives his grandson to school, helps his wife with household chores, reads newspapers, watches television, and occasionally performs volunteer teaching at his mosque- activities that one would likely not expect a person with disabling symptoms to be able to perform." (AR 26.) The ALJ concluded Plaintiff's allegations of disabling impairments were not credible "when, as here, the claimant is able to spend a substantial part of the day involving the performance of functions readily transferable to competitive work." (AR 26.) An ALJ properly may discount a claimant's credibility if his daily activities contradict his other testimony or demonstrate the capacity for work. Orn, 495 F.3d at 639; Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (upholding ALJ determination that daily activities detracted from plaintiff's credibility).

Additionally, the ALJ found that Plaintiff made statements that were inconsistent with his allegations of disabling impairments. (AR 26.) Claimant said his previous security job was "easy for me" but that on moving to California he was unable to find a similar job, "which suggests that he stopped working not because he was unable to work, but rather because he was unable to find a job that was similarly 'easy' for him." (AR 26.) Plaintiff interprets the

---

[2] The only contrary medical evidence in the record is the opinion of treating physician Dr. Annie Shu who indicated Plaintiff was totally disabled. (AR 22.) The ALJ discounted Dr. Shu's opinion because her opinion was conclusory, based on scant objective data and there were inconsistent or no supporting treatment notes. (AR 22, 24-25.) Plaintiff does not challenge the ALJ's decision to give Dr. Shu's opinion weight only to the extent consistent with Dr. Maxwell's RFC. (AR 25.)

evidence differently but the ALJ's interpretation of the evidence is reasonable and should not be second-guessed. <u>Rollins</u>, 261 F.3d at 857 (ALJ interpretation of the evidence if reasonable should not be second-guessed).

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 6, 2012

                                         */s/ John E. McDermott*
                                      JOHN E. MCDERMOTT
                                UNITED STATES MAGISTRATE JUDGE